# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-1886V

| | |
|---|---|
| KRISTEN NELSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: September 13, 2024 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA*, for Petitioner.

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 26, 2023, Kristen Nelson filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain Barre Syndrome following an influenza vaccine administered on September 2, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 8, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On September 13, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $177,291.40 (comprised of $98,500.00 for pain and suffering, $7,971.53 for past unreimbursable expenses, and $70,819.87 for lost wages). Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $177,291.40 (comprised of $98,500.00 for pain and suffering, $7,971.53 for past unreimbursable expenses, and $70,819.87 for lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRISTEN NELSON,<br><br>                   Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>                   Respondent. | Case No. 23-1886V (SPU)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 26, 2023, Kristen Nelson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging she suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination administered to her on September 2, 2021. *See* Petition at 1. On June 26, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, ECF No. 22, and on July 8, 2024, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 23.

I.      **Items of Compensation**

      A.      Pain and Suffering

Respondent proffers that petitioner should be awarded $98,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

      B.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past

unreimbursable expenses in the amount of $7,971.53. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

    C.    <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past lost wages as a result of her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $70,819.87. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $177,291.40, in the form of a check payable to the petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to the petitioner, Kristen Nelson:    **$177,291.40**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

                                                    ALEXIS B. BABCOCK
                                                    Assistant Director
                                                    Torts Branch, Civil Division

                                                    */s/ Ryan P. Miller*
                                                    RYAN P. MILLER
                                                    Trial Attorney
                                                    Torts Branch, Civil Division
                                                    U.S. Department of Justice
                                                    P.O. Box 146, Ben Franklin Station Washington,
                                                    D.C. 20044-0146
                                                    (202) 305-3027
Date: September 13, 2024              ryan.miller2@usdoj.gov